UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DOUGLAS CARPENTER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:18-cv-00128-JDL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**ORDER DEFERRING FINAL RULING ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

This case arises from allegedly negligent medical treatment that Dr. Thomas Franchini, a former Veterans Administration podiatrist at the Togus Veterans Administration Medical Center (the "VAMC") in Augusta, Maine, provided to the Plaintiff, Douglas Carpenter. The Government moves to dismiss Carpenter's claim, which is brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. § 2671 *et seq.* (West 2019),[1] for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 19). The Government argues that Carpenter's claim is barred because he failed to comply with Maine's statute of repose for professional negligence actions, 24 M.R.S.A. § 2902 (Westlaw through 2017 2d Reg. Sess. & 2d Spec. Sess. of 128th Leg.). ECF No. 19 at 7-9. Carpenter, who is proceeding pro se, responds by asserting that § 2902 does not bar his claim because VAMC fraudulently concealed Franchini's malpractice. ECF No. 24. For the reasons stated below, I defer

---

[1] As the Government notes in its motion, Carpenter does not cite the FTCA in his complaint, which was filed pro se, but the FTCA is the proper vehicle by which to bring this type of claim. ECF No. 19 at 1 n.1. I therefore infer that Carpenter's claim is brought pursuant to the FTCA.

ruling on the Government's motion and authorize Carpenter to amend his complaint and perform limited discovery on the issue of fraudulent concealment.

Separate from this action, six FTCA cases have been filed with this Court since 2014 against the Government by veterans alleging that they were negligently treated by Franchini at the VAMC.[2] In a February 2016 Order, I deferred a final ruling on the Government's motion to dismiss in four of those cases. In that decision, I resolved almost all of the issues raised in the Government's first motions to dismiss in favor of the Government, ruling that Maine's three-year limitations period for bringing claims against health care providers in § 2902 is a statute of repose and not a statute of limitations, and that § 2902 is not preempted by the FTCA, 28 U.S.C.A. § 2401(b) (West 2019). *See Wood v. United States*, 1:14-cv-00399-JDL, ECF No. 45 at 40. Here, the Government argues that because § 2902 is a statute of repose, the three-year repose period for the medical negligence that Carpenter alleges began to run when the last negligent act or omission allegedly occurred, in 2005 and 2006, rather than when Carpenter discovered the facts underlying his claim, in 2014. ECF No. 19 at 6-8; ECF Nos. 18-1, 18-2. Therefore, Carpenter's claim is time-barred absent some reason in law or equity for tolling the statute of repose.

Carpenter responds by arguing that the Government fraudulently concealed Franchini's malpractice from him. He claims that he did not discover the information giving rise to his claim of malpractice until October 2, 2014, at a meeting with VA

---

[2] Of those six cases, five are still pending before the Court: *Wood v. United States*, 1:14-cv-00399-JDL; *Mansir v. United States*, 1:14-cv-00503-JDL; *Prescott v. United States*, 1:14-cv-00551-JDL; *Myrick v. United States*, 1:15-cv-00045-JDL; and *Downs v. United States*, 1:15-cv-00525-JDL. The sixth case, *Korsiak v. United States*, 1:15-cv-00220-JDL, was dismissed in 2018 for lack of subject-matter jurisdiction. No. 1:15-cv-00220-JDL, 2018 WL 1037640, at *2 (D. Me. Feb. 23, 2018).

officials. ECF No. 24. At the meeting, Carpenter contends, the VA officials revealed to him the results of their review of Franchini's allegedly substandard treatment of him. *Id.*

Documents that are filed by pro se litigants are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75-76 (1st Cir. 2014). I construe Carpenter's response as asserting that the statutory tolling provision in 14 M.R.S.A. § 859 (Westlaw through 2017 2d Reg. Sess. & 2d Spec. Sess. of 128th Leg.) related to fraudulent concealment applies to his claim:

> If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action[.]

14 M.R.S.A. § 859. If § 859 controls Carpenter's claim, its six-year limitations period "starts to run when the existence of the cause of action or fraud is discovered or should have been discovered by the plaintiff in the exercise of due diligence and ordinary prudence." *Westman v. Armitage*, 215 A.2d 919, 922 (Me. 1966). Here, extending the limitations period from three years from the date of the alleged tortious act in accordance with § 2902's statute of repose, to six years from the time Carpenter discovered or should have discovered the alleged tortious act, brings his claim within § 859's six-year statute of limitations.[3] I afforded the plaintiffs in the six related actions the opportunity to conduct limited discovery on the issue of fraudulent

---

[3] The same was true for the plaintiffs' claims in the six related actions. *See Wood v. United States*, No. 1:14-cv-00399-JDL, 2018 WL 1037636, at *1 (D. Me. Feb. 23, 2018).

concealment and to seek to amend their complaints on the basis of that discovery. I conclude that, as a matter of fundamental fairness, Carpenter should be afforded the same opportunity.

It is therefore **ORDERED** as follows:

1. Final ruling on the Government's motion to dismiss for lack of subject-matter jurisdiction (ECF No. 19) is **DEFERRED** subject to the provisions that follow:

    A. Carpenter may file an amended complaint to add a claim for fraudulent concealment no later than 20 days from the date of this order;

    B. Carpenter may serve interrogatories and requests for production of documents on the issue of fraudulent concealment no later than 45 days from the date of this order.

2. A case management conference will be held on Tuesday, May 7, 2019, at 2:30 p.m. in Courtroom 1 at the Edward T. Gignoux U.S. Courthouse, 156 Federal Street, Portland, Maine.

**SO ORDERED.**

**Dated this 28th day of February, 2019.**

                                                       **/s/ JON D. LEVY**
                                                  **CHIEF U.S. DISTRICT JUDGE**