# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| DOUGLAS CARPENTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:18-cv-00128-JDL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON THE GOVERNMENT'S MOTION TO DISMISS

This case arises from allegedly negligent medical treatment that Dr. Thomas Franchini, a former Veterans Administration podiatrist at the Togus Veterans Administration Medical Center ("VAMC") in Augusta, Maine, provided to the Plaintiff, Douglas Carpenter. The Government moves to dismiss Carpenter's claim, which is brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. § 2671 *et seq.* (West 2019),[1] for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 19). The Government argues that Carpenter's claim is barred because he failed to comply with Maine's statute of repose for professional negligence actions, 24 M.R.S.A. § 2902 (Westlaw through Ch. 112, and 114 to 169 of 2019 1st Reg. Sess. of 129th Leg.). ECF No. 19 at 7-9. Carpenter, who is proceeding pro se, responds by asserting that § 2902 does not bar his claim because VAMC fraudulently concealed Franchini's malpractice. ECF No. 24.

---

[1]  As the Government notes in its motion, Carpenter does not cite to the FTCA in his complaint, but the FTCA is the proper vehicle by which to bring this type of claim. ECF No. 19 at 1 n.1. I therefore infer that Carpenter's claim is brought pursuant to the FTCA.

In an order dated February 28, 2019 (ECF No. 27), I deferred ruling on the Government's motion to dismiss and authorized Carpenter to amend his complaint and to perform limited discovery on the issue of fraudulent concealment. The order established deadlines for Carpenter to file an amended complaint and to serve the Government with interrogatories and requests for production. ECF No. 27 at 4. On April 26, 2019, the Government filed a status report (ECF No. 28) informing the Court that those deadlines had passed, and that Carpenter had not filed an amended complaint or served the Government with interrogatories or requests for production. ECF No. 28 ¶¶ 3-4. Therefore, I now address the merits of the Government's motion to dismiss for lack of subject-matter jurisdiction.

## I. FACTUAL BACKGROUND

The complaint alleges that Franchini committed medical malpractice against Carpenter when he performed surgery on Carpenter's foot at the VAMC. The complaint contains no other details about Franchini's medical treatment of Carpenter. Records from the administrative proceeding, however, show that Franchini performed two surgeries on Carpenter's foot, one on July 22, 2005, and one on February 3, 2006. The first surgery was an "L Chevron bunionectomy with screw fixation," and the second was a "percutaneous left plantar fascia release." ECF No. 18-2 at 1. On an administrative form titled "Claim for Damage, Injury, or Death," Carpenter describes his injury and claim as follows:

> As a result of Dr. Franchini's failure to perform the correct surgery, my left foot pain persisted. Although he eventually performed the left plantar facial release surgery, he negligently did so and entrapped an/or injured the nerve. Despite ongoing treatment, I now suffer from ongoing

chronic pain. This has limited my physical activities. It has caused me great discomfort and distress.

ECF No. 18-1 at 1.

## II. LEGAL ANALYSIS

"When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).[2] "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)[.]" *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). The plaintiff, as "the party invoking the jurisdiction of a federal court[,] carries the burden of proving its existence." *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995)). Documents that are filed by pro se litigants are, however, "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75 (1st Cir. 2014).

Under the FTCA, the United States is liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," but only "under circumstances where the United States, if a private

---

[2] The court may also "consider materials outside the pleadings[,]" *Groden v. N&D Transp. Co.*, 866 F.3d 22, 24 n.3 (1st Cir. 2017), including "whatever evidence has been submitted, such as the depositions and exhibits submitted." *Merlonghi*, 620 F.3d at 54 (quoting *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)). Therefore, in evaluating the motion, I have considered the affidavit (ECF No. 18) of a staff attorney at the Department of Veterans Affairs and copies of several records submitted in the administrative action that preceded this lawsuit, which are attached as exhibits to the affidavit.

3

person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 1346(b)(1). To survive a motion to dismiss, "an FTCA claim must successfully surmount the jurisdictional hurdle erected by 28 U.S.C. § 1346(b)." *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006). Here, the jurisdictional hurdle is Maine's three-year statute of repose for professional negligence claims, 24 M.R.S.A. § 2902.

Separate from this action, six FTCA cases have been filed with this Court since 2014 against the Government by veterans alleging that they were negligently treated by Franchini at the VAMC.[3] In February of 2016, I issued an order on a motion to dismiss filed by the Government in four of those cases, in which I ruled that "Maine's three-year limitations period for bringing claims against health care providers is a statute of repose and not a statute of limitations," and that the statute, 24 M.R.S.A. § 2902, "is not preempted by the Federal Tort Claims Act." *Mansir v. United States*, 299 F. Supp. 3d 203, 205 (D. Me. 2018). "Unlike a statute of limitations, which is procedural, a statute of repose is the substantive law of the state[.]" *Wood v. United States*, No. 1:14-cv-00399-JDL, 2016 WL 11580579, at *5 (D. Me. Feb. 2, 2016). Because the FTCA incorporates the substantive law of the jurisdiction where the injury occurred by waiving the United States' sovereign immunity only to the extent a private person would be liable in that jurisdiction, *see* 28 U.S.C.A. § 1346(b)(1), a statute of repose may bar a plaintiff's FTCA claim. *See Wood*, 2016 WL 11580579, at

---

[3] Of those six cases, four are still pending before the Court: *Wood v. United States*, 1:14-cv-00399-JDL; *Mansir v. United States*, 1:14-cv-00503-JDL; *Prescott v. United States*, 1:14-cv-00551-JDL; and *Downs v. United States*, 1:15-cv-00525-JDL. One case, *Myrick v. United States*, 1:15-cv-00045-JDL, was dismissed by stipulation of the parties. The other, *Korsiak v. United States*, was dismissed in 2018 for lack of subject-matter jurisdiction. No. 1:15-cv-00220-JDL, 2018 WL 1037640, at *2 (D. Me. Feb. 23, 2018).

*9 (concluding that plaintiffs' FTCA claims were "time-barred, just as they would be if they had initiated an action in state court for medical negligence" under Maine law).

"A statute of repose . . . puts an outer limit on the right to bring a civil action. That limit is measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014). Maine's statute of repose for medical malpractice actions requires a plaintiff to bring an "action[] for professional negligence" within three years of "the date of the act or omission giving rise to the injury." 24 M.R.S.A. § 2902. Here, the three-year repose period for the medical negligence that Carpenter alleges began to run when the last negligent act or omission allegedly occurred: the February 3, 2006 surgery. ECF No. 18-1; ECF No. 18-2. Thus, Carpenter's claim is time-barred under Maine's statute of repose; to be timely, the claim would need to have been brought before February 3, 2009.

In his response to the Government's motion to dismiss, Carpenter asserted that the Government fraudulently concealed Franchini's malpractice from him, which I construed as asserting that the statutory tolling provision in 14 M.R.S.A. § 859 (Westlaw through Ch. 112, and 114 to 169 of 2019 1st Reg. Sess. of 129th Leg.) related to fraudulent concealment[4] applies to his claim. *See* ECF No. 27 at 3. The

---

[4] Section 859 provides, in relevant part:

> If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action[.]

14 M.R.S.A. § 859.

Government raised two arguments in response: first, that the Court should not consider Carpenter's fraudulent concealment theory because it was raised for the first time in response to the motion to dismiss and is not included in the complaint; and second, that even if the Court were to consider the fraudulent concealment theory, the allegations set forth in Carpenter's response are insufficient to satisfy the pleading requirements of Federal Rules of Civil Procedure 8 and 9(b).[5]   Though Carpenter was granted leave to amend his Complaint to add a claim for fraudulent concealment, he has not done so.  *See* ECF No. 27 at 4; ECF No. 28 ¶¶ 3-4.

Even if Carpenter had amended his complaint to add the allegations set forth in his response, I would conclude that those allegations are not sufficient to demonstrate that § 859 applies to Carpenter's claim.  "Rule 9 imposes a heightened pleading requirement for allegations of fraud," *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 194 (1st Cir. 1996), requiring that a plaintiff "state with particularity the circumstances constituting fraud[.]"  Fed. R. Civ. P. 9(b).  "The particularity requirement means that a complaint must specify 'the time, place, and content of an alleged false representation.'"  *United States ex. rel. Kelly v. Novartis Pharm. Corp.*, 827 F.3d 5, 13 (1st Cir. 2016) (quoting *Doyle*, 103 F.3d at 194).  "Conclusory allegations and references to 'plans and schemes' are not sufficient."  *Id.* (quoting *Doyle*, 103 F.3d at 194).  In his response to the Government's motion, Carpenter alleges:

> I believe Fraudulent Concealment exists as a phenomena within the Institutionalized culture at [VAMC].   I also believe Fraudulent

---

[5]  Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

> Concealment exists to protect jobs and [VAMC] itself as an Institution. I believe the phenomena of Institutionalization and subsequent protection of jobs at [VAMC] has given liberty to some employees to bend truths and embed the untruths within the documenting protocols. I believe these are some of the practices intentionally overlooked by some middle and upper management.

ECF No. 24 at 1. Carpenter also relays that he did not discover the alleged malpractice until a meeting on October 2, 2014, when officials at the VAMC informed him of "the results of a review of sub standard care" of his foot by Franchini. *Id.*

Even construed liberally in Carpenter's favor, the allegations set forth in the response are not sufficient to satisfy the heightened pleading standard of Rule 9(b). The allegations do not specify "the time, place, and content of an alleged false representation[,]" but rather set forth conclusory references to a plan or scheme at VAMC. *Novartis Pharm. Corp.*, 827 F.3d at 13. Carpenter was given the opportunity to perform discovery, which may have provided him access to more detailed facts regarding any fraudulent concealment of Franchini's alleged malpractice, but he failed to do so. I therefore conclude that the six-year limitations period set out in § 859 does not apply to Carpenter's claim and that the three-year statute of repose for professional negligence actions, 24 M.R.S.A. § 2902, requires the dismissal of Carpenter's complaint.

### III. CONCLUSION

For the reasons stated above, it is **ORDERED** that the Government's Motion to Dismiss for Lack of Jurisdiction (ECF No. 19) is **GRANTED** and Carpenter's Complaint is accordingly dismissed.

**SO ORDERED.**

**Dated this 3rd day of July, 2019.**

                                        **/s/ JON D. LEVY**
                              **CHIEF U.S. DISTRICT JUDGE**